UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERNARD BARNO,<br>　　　　Plaintiff,<br>　　v.<br>ARMANDO PADILLA, et al.,<br>　　　　Defendants. | Case No. 20-cv-03886-SI<br><br>**ORDER DENYING REQUEST FOR A TRO**<br><br>Re: Dkt. No. 13 |

　　　　Rodney Barno, a California prisoner incarcerated at the Correctional Training Facility in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The court determined in an order of service filed November 6, 2020, that the complaint stated cognizable § 1983 claims against six defendants for retaliation and for violating Barno's First Amendment right to send mail based on events that occurred in 2018 and early 2019. Efforts to serve process on those six members of the correctional staff at CTF-Soledad are underway.

　　　　Barno now requests a temporary restraining order (TRO), contending that he is being subjected to harassment and retaliation by correctional officers Tuiolosega and Orzepeda and an inmate – none of whom are defendants in this action – due to Barno's grievance-filing activities. Barno states that "defendants' friends and coworkers, on behalf of defendants, are engaging in ongoing unconstitutional pattern of threats, retaliation and harassment." Docket No. 13 at 3-4. He requests a TRO directing defendants and their coworkers to stop harassing and retaliating against him. He also asks that his request be filed under seal so that other inmates cannot see it.

　　　　A TRO preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). A TRO is an "extraordinary remedy" that the

court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc*., 555 U.S. 7, 24 (2008). The standards for a TRO are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that would result if an injunction were not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20.[1] The irreparable injury must be both likely and immediate. *See id*. at 22.

Barno is not entitled to the TRO he seeks. The evidentiary support for the requested TRO falls far short of showing that irreparable harm is likely and imminent if interim relief is not granted. "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). More importantly, Barno does not provide evidence connecting the misconduct alleged in the TRO to the claims in the complaint. The wrongdoers mentioned in the request for a TRO are not defendants in this action; Barno's assertion that they are acting on behalf of defendants appears to be nothing more than speculation. The misconduct alleged in the TRO occurred recently and is not shown to be connected to the misconduct in 2018 and early 2019 that is alleged in the complaint. A plaintiff is not entitled to injunctive relief based on claims not pled in the complaint because the "court's equitable power lies only over the merits of the case or controversy before it." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.,* 810 F.3d 631, 633 (9th Cir. 2015); *see, e.g., id.* at 636-38 (district court properly denied plaintiff's request for an injunction to prevent HIPAA violation, where plaintiff had not asserted a claim for a HIPAA violation). Finally, even if the foregoing

---

[1] *Winter* did not, however, completely reject the validity of the sliding scale approach to preliminary injunctions. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). Under the "sliding scale" approach used in the Ninth Circuit — also dubbed the "serious question" test in *Alliance for Wild Rockies* — "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. Thus, even after *Winter*, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132 (citations omitted).

1  problems did not exist, plaintiff does not show the need for a TRO without any notice to the
2  defendants, who have not yet been served with process or appeared in this action. *See* Fed. R. Civ.
3  P. 65(b)(1) (TRO can issue without notice to adverse party only if "specific facts in an affidavit or
4  a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result
5  to the movant before the adverse party can be heard in opposition" and the movant certifies in
6  writing the efforts to give notice and the reasons why notice should not be required). For the
7  foregoing reasons, plaintiff's *ex parte* request for a TRO is DENIED. Docket No. 13.

8  Barno requests to file his request for a TRO filed under seal on the ground that other inmates
9  might look it up on the court's docket and assault him. Docket No. 13. There is a strong
10 presumption favoring the public's right of access to court records which should be overridden only
11 for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34 (9th Cir.1995).
12 "Counseling against such access would be the likelihood of an improper use, 'including publication
13 of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of
14 the defendants or third persons; and residual privacy rights.'" *Valley Broadcasting Co. v. United*
15 *States District Court*, 798 F.2d 1289, 1294 (9th Cir.1986) (citation omitted). Barno's assertion that
16 inmates in general might access the court's records, read the request, and consequently decide to
17 harm him is mere speculation. With regard to the particular inmate mentioned in the TRO request,
18 Barno has already filed an inmate appeal about that inmate's activities, *see* Docket No. 13 at 4, and
19 does not show that the information in the request for a TRO is any different from that contained in
20 the inmate appeal. The request to seal the request for a TRO is DENIED. Docket No. 13.

21 **IT IS SO ORDERED**.

22 Dated: December 13, 2020

23 _____
   SUSAN ILLSTON
24 United States District Judge