UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERNARD BARNO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARMANDO PADILLA, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-03886-SI<br><br>**ORDER EXTENDING DEADLINES AND DENYING REQUEST FOR JUDICIAL NOTICE**<br><br>Re: Dkt. Nos. 18, 19 |

Defendants have filed an *ex parte* request for an extension of the deadline to file a dispositive motion. Upon due consideration of the request and the accompanying declaration of attorney Carson Niello, the court GRANTS the request. Docket No. 19. The court now sets the following new briefing schedule for dispositive motions: Defendants must file and serve their dispositive motion no later than **April 30, 2021**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **June 11, 2021**. Defendants must file and serve their reply brief (if any) no later than **June 25, 2021.**

Plaintiff has filed a request for judicial notice in which he listed about twenty court cases showing that prisoners were retaliated against or were treated unfairly. No. 18 The request will not be granted because the materials are not subject to judicial notice. The court can judicially notice facts that are not subject to reasonable dispute in that they are generally known within the territorial jurisdiction of the court or they are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.1983); *see also Wyatt v.*

1   *Terhune*, 315 F.3d 1108, 1114 n. 5 (9th Cir. 2003) ("Factual findings in one case ordinarily are not
2   admissible for their truth in another case through judicial notice").  Assertions in documents filed in
3   a court proceeding are not judicially noticeable just because they are in the court file.  "There is a
4   mistaken notion that taking judicial notice of court records . . . means taking judicial notice of the
5   existence of facts asserted in every document of a court file, including pleadings and affidavits.  The
6   concept of judicial notice requires that the matter which is the proper subject of judicial notice be a
7   fact that is not reasonably subject to dispute.  Facts in the judicial record that are subject to dispute,
8   such as allegations in affidavits, declarations, and probation reports, are not the proper subjects of
9   judicial notice even though they are in a court record."  B. Jefferson, California Evidence Benchbook
10  (3d ed. 2003 update), § 47.10.  The other problem with the filing is that it is too soon for plaintiff to
11  be submitting evidence.  If and when defendants move for summary judgment, plaintiff may present
12  evidence in opposition to that motion.  There is no need for him to present evidence before any
13  motion has been filed.  The request for judicial notice is DENIED.  Docket No. 18.

**IT IS SO ORDERED**.

Dated: February 1, 2021

_____
SUSAN ILLSTON
United States District Judge