UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERNARD BARNO,<br><br>Plaintiff,<br><br>v.<br><br>ARMANDO PADILLA, et al.,<br><br>Defendants. | Case No. 20-cv-03886-SI (PR)<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION FOR COURT TO CONSIDER WHETHER MATERIALS SHOULD BE SEALED**<br><br>Re: Dkt. No. 53 |

This is a closed civil rights matter, which is currently on appeal in the Ninth Circuit. Before the Court is plaintiff's administrative motion to consider whether to seal the following: exhibits in support of the complaint, defendants' motion for summary judgment, and plaintiff's opposition to that motion. Dkt. 53. The Court construes the motion as a request to seal under Local Rule 79-5, which also covers administrative motions to consider whether another party's material should be sealed. *See* N.D. Local Rule 79-5(c), (f). The information contained within the documents plaintiff is requesting to be sealed includes his "confidential and private prison file records (and some from his medical file)." Dkt. 53 at 2. Plaintiff claims these files "contain personal matters that should be protected," and that the disclosure of such information would violate his right to privacy. *Id.* at 1-3. Title 15 of the California Code of Regulations limits the disclosure of an inmate's personal information, including the inmate's central file, because "[t]he contents of the inmate's file are private and privileged information." *See* Cal. Code Regs. tit. 15, §§ 3402(a), 3321. Redaction is also not feasible or practical, because the confidential information is contained throughout the all the aforementioned exhibits. This request for sealing is therefore based on plaintiff's right to privacy and  confidentiality. The Court finds these reasons compelling enough to outweigh the presumption

1  of public access to some of the information contained within the exhibits.

2  The Court has reviewed plaintiff's administrative motion and, good cause appearing, it
3  GRANTS plaintiff's motion and directs the Clerk of the Court to have the aforementioned exhibits
4  filed under seal for ten years from May 12, 2022, the date the case was closed. *See* N.D. Local Rule
5  79-5.[1]  The Court specifically orders that all exhibits in support of the complaint as well as the
6  motion for summary judgment and opposition (Dkt. Nos. 7, 33-2 to 33-8 and 44-1 to 44-8) shall be
7  maintained under seal and *not* entered individually on the docket until the conclusion of any
8  appellate proceedings, after which time they should be returned to the parties upon timely request.

**IT IS SO ORDERED**.

Dated:  January 24, 2023

SUSAN ILLSTON
United States District Judge

---

[1] The Court has reviewed the sealed documents submitted in this matter, and in the instant Order it will only cite to *general factual information*, which is not so sensitive that having such information in the public record would endanger plaintiff.